IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HARLAN HARTSFIELD,              )
                                )
          Plaintiff,            )
                                )
vs.                             )     No. CIV-10-585-C
                                )
(1) FARMERS INSURANCE COMPANY   )
INC., a foreign corporation d/b/a )
Farmers Insurance Group; and    )
(2) FARMERS INSURANCE           )
EXCHANGE,                       )
                                )
          Defendants.           )

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On May 10, 2010, Plaintiff Harlan Hartsfield filed suit in Oklahoma County District Court alleging breaches of contract and the duty of good faith and fair dealing against Defendant Farmers Insurance Company, Inc. These allegations arose from a disputed insurance claim under Plaintiff's policy with Defendant. On June 3, 2010, Defendant timely removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, alleging this Court had original subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) based on the parties' diversity and the amount in controversy.

On June 9, 2010, Plaintiff filed an amended petition in state district court adding Farmers Insurance Exchange (Exchange) as a defendant. (Pl.'s Br., Dkt. No. 12, Exh. 1.) Two days later, Plaintiff moved this Court to remand the action to state court claiming lack of diversity and absence of the sufficient amount in controversy. (Pl.'s Br., Dkt. No. 12.)

With this Court's permission, Plaintiff subsequently amended his Complaint to add Defendant Exchange, an unincorporated association with Oklahoma domiciliaries as members. (Order, Dkt. No. 18; Pl.'s Am. Compl., Dkt. No. 20, at 1.)

In his Amended Complaint, Plaintiff claims actual damages in the amount of $32,820.12, compensatory damages, punitive damages, attorney fees, and other equitable relief. (Pl.'s Am. Compl., Dkt. No. 20, at 5.) Plaintiff now moves this Court to remand the action based on lack of subject-matter jurisdiction due to the addition of a nondiverse defendant and a failure to meet the requisite amount in controversy.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1332(a), federal courts have subject-matter jurisdiction over controversies between diverse citizens involving a minimum of $75,000, exclusive of interests and costs. When determining whether the requisite amount in controversy is met, courts look to the plaintiff's complaint, or, when the complaint is not dispositive, to the allegations in the notice of removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The removing party bears the burden of affirmatively establishing that the amount in controversy satisfies the statutorily required amount. Laughlin, 50 F.3d at 873. "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play . . . ." McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008). Additionally, a combination of the plaintiff's theories of recovery may support a claim satisfying the amount in controversy. Id. at 956.

In addition to the required amount in controversy, the parties must be diverse. 28 U.S.C. § 1332(a). Indispensable parties must be joined in the action, regardless of their diversity status; if a nondiverse party was indispensable at the time the action began, then diversity is destroyed and the court must remand the action to state court. Fed. R. Civ. P. 19(b); Salt Lake Tribune Publ'g Co., LLC v. AT & T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003) (citing Harris v. Ill.–Cal. Express, Inc., 687 F.2d 1361, 1367 (10th Cir. 1982)). Joinder of a dispensable nondiverse party will not always defeat jurisdiction. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) ("'Jurisdiction once acquired . . . is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties.'" (quoting Wichita R.R. & Light Co. v. Pub. Util. Comm'n of Kan., 260 U.S. 48, 54 (1922))).

Federal Rule of Civil Procedure 19 enumerates the factors used to determine whether parties are necessary or indispensable. Under Rule 19(a), a party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   (i) as a practical matter impair or impede the person's ability to protect the interest; or
   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Id. If a party is not necessary, then that party cannot be indispensable. Fed. R. Civ. P. 19(b); Salt Lake, 320 F.3d at 1098.

III.  DISCUSSION

Plaintiff asserts that the amount in controversy is not met since his Amended Complaint only enumerates $32,820.12 in actual damages and does not specify a dollar amount in compensatory or punitive damages. (Pl.'s Br., Dkt. No. 12, at 4.) However, a plaintiff's failure to allege a dollar amount of damages over the jurisdictional requirement is not dispositive of whether the amount-in-controversy requirement is met. McPhail, 529 F.3d at 955 ("[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant.")

Here, in addition to the $32,820.12 damages for breach of contract, Plaintiff seeks compensatory damages for bad faith as well as punitive damages for malicious breach of duty. (Pl.'s Compl., Dkt. No. 20, at 7.) Plaintiff's claim of $32,820.12 in contract damages together with compensatory and punitive damages—sufficiently supported by factual allegations—makes it possible that $75,000 is at play.[*] McPhail, 529 F.3d at 955. Consequently, after reviewing the Amended Complaint and the Notice of Removal, this Court concludes Defendant has satisfied its burden of showing over $75,000 is in controversy.

---

[*] In fact, in his disclosure of the computation of damages under Rule 26, Plaintiff claimed damages "in excess of $75,000" for punitive damages and actual damages in addition to the $32,820.12 sought for breach of contract. (Def.'s Br., Dkt. No. 29, Exh. 2.) While this Exhibit cites Plaintiff's contract damages as equaling $32,820.16, Defendant's Response to Plaintiff's Motion to Remand, Plaintiff's Amended Complaint, and Plaintiff's Motion to Remand refer to the contract damages as equaling $32,820.12. (Id. at 2; Def.'s Br., Dkt. No. 19, at 3; Pl.'s Am. Compl., Dkt. No. 20, at 7; Pl.'s Br., Dkt. No. 12, at 2.) For present purposes, this slight discrepancy is immaterial.

Plaintiff alternatively argues that this Court should remand due to lack of diversity. It is undisputed that at the time of removal, the parties were diverse. (Pl.'s Am. Compl., Dkt. No. 20, at 1; Def.'s Br., Dkt. No. 29, at 1.) Plaintiff's subsequent addition of Exchange as a defendant would defeat jurisdiction only if Exchange was an indispensable party at the time of removal. Therefore, the determinative issue is whether Exchange is an indispensable party to the action.

Exchange's absence from the case would not prevent this Court from according complete relief between Plaintiff and Defendant. Plaintiff's suit against Defendant seeks monetary damages for breaches of contract and duty of good faith arising from his insurance policy with Defendant. Exchange does not have an interest in the subject matter of the suit, nor would disposition of this case leave a party subject to multiple, inconsistent suits. Exchange is not a party to the contract, nor has it any interest in Plaintiff's contract or bad-faith disputes with Defendant; it is not needed to fully resolve these disputes. Since Exchange is not a necessary party to the action, it cannot be an indispensable party under Rule 19(b). Therefore, Exchange, as a dispensable nondiverse defendant, does not destroy this Court's previously established diversity jurisdiction.

Accordingly, Plaintiff's Motion to Remand (Dkt. No. 12) is DENIED.

IT IS SO ORDERED this 30th day of September, 2010.

ROBIN J. CAUTHRON
United States District Judge

5