IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HARLAN HARTSFIELD, )
)
          Plaintiff, )
)
vs. ) No. CIV-10-585-C
)
(1) FARMERS INSURANCE COMPANY )
INC., a foreign corporation d/b/a )
Farmers Insurance Group; and )
(2) FARMERS INSURANCE )
EXCHANGE, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Harlan Hartsfield filed suit in Oklahoma County District Court alleging breaches of contract and the duty of good faith and fair dealing against Defendant Farmers Insurance Company, Inc. ("Farmers"). On June 3, 2010, Defendant timely removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, alleging this Court had original subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) based on the parties' diversity and the amount in controversy.

On June 9, 2010, Plaintiff filed an amended petition in state district court adding Farmers Insurance Exchange ("Exchange") as a defendant. (Pl.'s Br., Dkt. No. 12, Exh. 1.) With this Court's permission, Plaintiff subsequently amended his Complaint to add Defendant Exchange, an unincorporated association with Oklahoma domiciliaries as members. (Order, Dkt. No. 18; Pl.'s Am. Compl., Dkt. No. 20, at 1.)

In his Amended Complaint, Plaintiff claims actual damages in the amount of $32,820.12, compensatory damages, punitive damages, attorney fees, and other equitable relief. (Pl.'s Am. Compl., Dkt. No. 20, at 5.) Defendants now move this Court for summary judgment as to all of Plaintiff's claims. (Def.'s Br., Dkt. No. 66.)

## I. BACKGROUND

On June 11, 2009, Plaintiff Hartsfield submitted an insurance claim to Defendant Farmers Insurance Co. for alleged hail and wind damage caused to his roof by a hail storm in February 2009. Plaintiff filed this claim after a roofer, Dustin Cagle, informed Plaintiff that his roof was totaled by the storm at an estimated cost of repair equaling $32,250.12.

On June 12, a Farmers Insurance Exchange claims adjuster, Matthew Eads, inspected Plaintiff's roof; Mr. Eads concluded that "two runs of gutters, the fins on two air conditioner units, two HVC vents, two power vents, and the copper panel on [the] roof" had been damaged by hail. Mr. Eads reported that the shingles showed signs of wear and tear as well as improper installation, specifically loose shingles and raised nails, but concluded that the shingles did not exhibit signs of severe hail damage requiring total replacement. Under Plaintiff's policy, "accidental direct physical loss" was covered, but wear and tear and improper installation were not. Ultimately, Mr. Eads assessed an overall value of damage at $2,075.18.

Plaintiff Hartsfield subsequently faxed an estimate from his roofer to Defendant reflecting the higher cost of repair and requesting another inspection. Defendant agreed to reinspect the roof and sent another claims adjuster, Jason Steward, for a second inspection.

This second inspection, however, resulted in the same evaluation of damages as the first. Plaintiff and Defendants disagreed as to the cause and extent of damage to Plaintiff's roof.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Under the summary judgment standard, a mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." Cooperman v. David, 214 F.3d 1162, 1164 (10th Cir. 2000). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citation omitted). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247 (1986). A court considering a summary judgment motion must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000).

If a party does not sufficiently support its own asserted facts or address the other party's asserted fact, a court may allow "opportunity to properly support or address the fact . . . consider the fact undisputed for purposes of the motion . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show

3

that the movant is entitled to it . . . or issue any other appropriate order." Fed. R. Civ. P. 56(e).

### III.  DISCUSSION

Defendants move for summary judgment on all of Plaintiffs claims, each of which will now be discussed in turn.

*1. Breach of Contract*

The parties do not dispute the validity of the insurance policy or that they had a valid agreement at the time Plaintiff alleges his roof sustained damage from a hail storm. Rather, the parties dispute whether and to what extent Defendant Farmers must cover damage caused by wind and hail. Defendant Farmers claims it is entitled to summary judgment on this claim because Plaintiff cannot establish that hail proximately caused the damage to the roof; rather, Defendant argues, the hail was an incidental cause. See Duensing v. State Farm Fire & Cas. Co., 2006 OK CIV APP 15, ¶ 16, 131 P.3d 127, 133.

Plaintiff counters that Defendant's conclusion that hail caused damage to soft metals, but not the shingles themselves, is an attempt to deny Plaintiff rightful coverage. As support for his conclusion, Plaintiff points to his roofer's opinion and photographs subsequently taken of the alleged damage as evidence that hail and wind damaged his roof, not wear and tear. Because a material fact remains as to whether Plaintiff's roof needed to be replaced because of wind and hail damage or because of poor construction or wear and tear, summary judgment on Plaintiff's breach of contract claim is not appropriate.

Additionally, Defendant Exchange moves for summary judgment regarding Plaintiff's asserted breach of contract claim against it, due to its lack of privity of contract with Plaintiff. Defendant Exchange was not a party to the contract at issue, which Plaintiff does not dispute. (See Pl.'s Br., Dkt. No. 71, at 16 (addressing Plaintiff's bad faith claim against Defendant Exchange only).) Accordingly, Defendant Exchange is entitled to summary judgment regarding Plaintiff's breach of contract claim.

*2. Bad Faith Claim*

Under Oklahoma law, "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." Christian v. Am. Home Assurance Co., 1977 OK 141, ¶ 25, 577 P.2d 899, 904. To establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431, 1436 (10th Cir. 1993).

However, the insurer does not breach this duty by simply "refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.'" Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989) (quoting Manis v. Hartford Fire Ins. Co., 1984 OK 25, ¶ 12, 681 P.2d 760, 762). If the insurer had a "good faith belief, *at the time its performance was requested*, that it had a justifiable reason for withholding payment under the policy," then it will not be liable. Buzzard v. McDanel, 1987 OK 28, ¶ 10, 736

5

P.2d 157, 159. Regarding bad faith claims at the summary judgment stage, the Tenth Circuit stated the following:

> On a motion for summary judgment, the trial court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious. Until the facts, when construed most favorably against the insurer, have established what might reasonably be perceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed.

Oulds, 6 F.3d at 1436-37 (citations omitted). When determining whether to pay a claim, the insurer must conduct an investigation that is "'reasonably appropriate under the circumstances.'" Willis v. Midland Risk Ins. Co., 42 F.3d 607, 612 (10th Cir. 1994) (citation omitted. The insurer's actions are reviewed in light of the facts it knew or should have known at the time it was asked to perform under the contract. Oulds, 6 F.3d at 1437. "If the insurer fails to conduct an adequate investigation of a claim, its belief that the claim is insufficient may not be reasonable." Willis, 42 F.3d at 612.

Plaintiff argues that Defendants failed to fairly investigate and evaluate his loss because the adjusters disagreed with Plaintiff's roofer, Dustin Cagle. Plaintiff also claims that Defendants did not adequately inspect the roof and that Defendants failed to consider surrounding circumstances, such as the hail size in the area and the neighbors' damage, when making its determination. Finally, Plaintiff asserts that Defendants' reissuance of a policy covering the roof should have been, but was not, considered by Defendants when evaluating his claim. Based on these alleged failures, Plaintiff claims Defendants acted in bad faith.

Even construing all facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has failed to sufficiently plead facts which tend to show that Defendants acted in bad faith in denying Plaintiff's claim. Defendants inspected the roof twice, once with Plaintiff's roofer, offered to obtain an engineer for a third inspection, and photographed the inspection. Plaintiff has not shown "that material facts were overlooked or that a more thorough investigation would have produced relevant information." Timberlake Constr. Co. v. U.S. Fidelity & Guar. Co., 71 F.3d 335, 345 (10th Cir. 1995). Additionally, the issuance and selling of an insurance policy is not a sufficient basis for a bad faith claim. See Hays v. Jackson Nat'l Life Ins. Co., 105 F.3d 583, 690 (10th Cir. 1997).

Defendants denied the claim in a good faith belief that they were entitled to do so because the roof's damage was caused by improper construction and normal wear and tear. Plaintiff admits that there were loose shingles prior to the hail storm, and the disagreement as to the extent or cause of damage between Defendants' inspectors and Plaintiff's roofer and expert is not enough to sustain a bad faith claim. Plaintiffs have not established what might reasonably be perceived as tortious conduct on the part of the Defendants. Accordingly, Defendants[*] are entitled to summary judgment regarding Plaintiff's bad faith claim, which moots the punitive damages issue. See 23 Okla. Stat. § 9.1.

## IV. CONCLUSION

---

[*] Plaintiff also asserted a bad faith claim against Farmers Insurance Exchange under Badillo v. Mid Century Ins. Co., 2005 OK 48, 121 P.3d 1080.

For the above-stated reasons, Defendants' Motion for Summary Judgment (Dkt. No. 66) is PARTIALLY GRANTED as to Plaintiff's bad faith claim and breach of contract claim against Defendant Exchange and DENIED as to Plaintiff's breach of contract claim against Defendant Farmers.

IT IS SO ORDERED this 8th day of July, 2011.

ROBIN J. CAUTHRON
United States District Judge